UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PCS SALES (U.S.A.), INC.,

                 Plaintiff,

      v.                                    Case No. _____

LODSYS, LLC,

                 Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff PCS Sales (U.S.A.), Inc. ("PCS") hereby alleges for its Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that PCS does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted patent are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6. Plaintiff PCS is a Delaware Corporation having a place of business at 1101 Skokie Boulevard, Suite 400, Northbrook, Illinois 60062.

7. On information and belief, Defendant Lodsys is a Texas limited liability company and claims to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670. The Texas Secretary of State lists the corporate address of Lodsys LLC as 800 Brazos, Suite 400, Austin, Texas 78701.

8. On information and belief, Mark Small is the Chief Executive Officer of Lodsys, LLC, is Lodsys's sole employee, and conducts that company's business from an office located in Oconomowoc, Wisconsin, within this judicial district.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct towards PCS establishes that a real and substantial dispute exists between the parties regarding Defendant's allegations that PCS's products infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. This dispute is both definite and concrete and admits of specific relief through a decree of a conclusive character. As set forth in succeeding paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between PCS and the Defendant with respect to the infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

11. Upon information and belief, this Court has personal jurisdiction over Lodsys because Mr. Small is located within, and conducts Lodsys's business, from his location within this judicial district, in connection with its conduct in wrongfully asserting the Asserted Patents against PCS.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## **ALLEGATIONS SUPPORTING DECLARATORY JUDGMENT JURISDICTION**

13. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-12.

14. Through communications and conduct, Defendant has threatened assertion of the '908 patent, the '834 patent, the '078 patent and the '565 patent against the "Feedback" portion of PCS's website, www.potashcorp.com.

15. On or about November 9, 2011, Defendant sent a letter (attached hereto as Exhibit E) to PCS, alleging that PCS infringed the '078, '908, '834, and '565 patents. The November 9 letter accused PCS of "Infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078, and 7,620,565 (Abelow)," and stated that PCS "utilizes the inventions embodied in the Lodsys Patents." The letter contained a claim chart titled "Infringement Claim Chart," which applied claim one of the '078 patent against PCS's website and stated that the claim chart was only "representative," referring PCS to the remaining claims of the '078 patent as well as to the other Lodsys Patents (*i.e.*, the '908, '834, and '565 patents).

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '908 patent)**

16. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-15.

17. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, the Defendant contends that PCS's website, www.potashcorp.com, infringes one or more claims of the '908 patent.

18. Accordingly, an actual controversy exists between PCS and the Defendant as to whether or not PCS has infringed, or is infringing the '908 patent; has contributed to infringement, or is contributing to infringement of the '908

4

patent; and has induced infringement, or is inducing infringement of the '908 patent.

19. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that by its activities PCS has not infringed and is not infringing any valid and enforceable claim of the '908 patent; has not contributed to infringement and is not contributing to infringement of the '908 patent; and/or has not induced infringement and is not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '834 patent)**

20. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19.

21. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, the Defendant contends that PCS's website, www.potashcorp.com, infringes one or more claims of the '834 patent.

22. Accordingly, an actual controversy exists between PCS and the Defendant as to whether or not PCS has infringed, or is infringing the '834 patent; has contributed to infringement, or is contributing to infringement of the '834 patent; and has induced infringement, or is inducing infringement of the '834 patent.

5

23. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that by its activities PCS has not infringed and is not infringing any valid and enforceable claim of the '834 patent; has not contributed to infringement and is not contributing to infringement of the '834 patent; and/or has not induced infringement and is not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '078 patent)**

24. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-23.

25. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS's website, www.potashcorp.com, infringes one or more claims of the '078 patent.

26. Accordingly, an actual controversy exists between PCS and the Defendant as to whether or not PCS has infringed, or is infringing the '078 patent; has contributed to infringement, or is contributing to infringement of the '078 patent; and has induced infringement, or is inducing infringement of the '078 patent.

27. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that by its activities PCS has not infringed and is not

6

Case 2:11-cv-01113-AEG   Filed 12/08/11   Page 6 of 14   Document 1

infringing any valid and enforceable claim of the '078 patent; has not contributed to infringement and is not contributing to infringement of the '078 patent; and/or has not induced infringement and is not inducing infringement of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '565 patent)**

28. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27.

29. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS's website, www.potashcorp.com, infringes one or more claims of the '565 patent.

30. Accordingly, an actual controversy exists between PCS and the Defendant as to whether or not PCS has infringed, or is infringing the '565 patent; has contributed to infringement, or is contributing to infringement of the '565 patent; and has induced infringement, or is inducing infringement of the '565 patent.

31. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that by its activities PCS has not infringed and is not infringing any valid and enforceable claim of the '565 patent; has not contributed to infringement and is not contributing to infringement of the '565 patent; and has

7

not induced infringement and is not inducing infringement of the '565 patent. Such a determination and declaration is necessary and appropriate at this time.

## FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '908 patent)**

32. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-31.

33. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS infringes one or more claims of the '908 patent.

34. PCS denies that it infringes any valid and enforceable claim of the '908 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

35. Accordingly, an actual controversy exists between PCS and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '834 patent)

36. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-35.

37. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS infringes one or more claims of the '834 patent.

38. PCS denies that it infringes any valid and enforceable claim of the '834 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

39. Accordingly, an actual controversy exists between PCS and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '078 patent)

40. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-39.

41. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS infringes one or more claims of the '078 patent.

42. PCS denies that it infringes any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

43. Accordingly, an actual controversy exists between PCS and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that the '078 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of the '565 patent)**

44. PCS realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-43.

45. Based on the above-stated conduct, PCS is informed and believes, and on that basis avers, that the Defendant contends that PCS infringes one or more claims of the '565 patent.

46. PCS denies that it infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

47. Accordingly, an actual controversy exists between PCS and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PCS is entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff PCS prays for a judgment as follows:

1. For a declaration that its products do not infringe any valid claim of the '908 patent;

2. For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

3. For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

11

4. For a declaration that its products do not infringe any valid claim of the '834 patent;

5. For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

6. For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

7. For a declaration that its products do not infringe any valid claim of the '078 patent;

8. For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

9. For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

10. For a declaration that its products do not infringe any valid claim of the '565 patent;

11. For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12. For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

13. For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

    a. from making any claims to any person or entity that any product of PCS infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

    b. from interfering with, or threatening to interfere with the manufacture, sale, or use of any PCS's products by PCS, its customers, distributors, predecessors, successors or assigns; and

    c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of PCS, its customers, distributors, predecessors, successors or assigns, to make, use or sell products which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

14. For an award to PCS of its reasonable attorneys' fees and costs of suit incurred herein; and

15. For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury of all issues so triable.

Dated this 8th day of December, 2011.

        s/ David G. Hanson
        David G. Hanson
        WI State Bar ID No. 1019486
        dhanson@reinhartlaw.com
        Allen C. Schlinsog, Jr.
        WI State Bar ID No. 1025656
        aschlinsog@reinhartlaw.com
        Attorneys for Plaintiffs
        Reinhart Boerner Van Deuren s.c.
        1000 North Water Street, Suite 1700
        Milwaukee, WI 53202
        Telephone: 414-298-1000
        Facsimile: 414-298-8097

        *Of Counsel:*

        James R. Daly
        jrdaly@jonesday.com
        Timothy J. Heverin
        tjheverin@jonesday.com
        Danielle R. Olivotto
        dolivotto@jonesday.com
        JONES DAY
        77 West Wacker Drive
        Chicago, IL 60601
        Telephone: 312-782-3939
        Facsimile: 312-782-8585

REINHART\8074593